**UNITED STATES of America,
Appellee,**

v.

**Elizabeth MELLEN, Appellant.**

No. 03–3099.

United States Court of Appeals,
District of Columbia Circuit.

Filed: March 5, 2004.

Susan A. Nellor, Elizabeth Trosman, John Robert Fisher, Assistant U.S. Attorneys, Roscoe Conklin Howard, Jr., U.S. Attorney, Laura A. Ingersoll, U.S. Attorney's Office, Washington, DC, for Plaintiff–Appellee.

William Collins Brennan, Jr., Brennan, Trainor, Billman & Bennett, LLP, Upper Marlboro, MD, for Defendant–Appellant.

Before SENTELLE and RANDOLPH and TATEL, Circuit Judges.

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties and oral arguments of counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. See Fed. R.App. P. 36; D.C.Cir. Rule 36(b).

For the reasons stated in the accompanying Memorandum, it is

ORDERED and ADJUDGED that the judgment of the district court be affirmed.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

### MEMORANDUM

#### I.

The appellant, Elizabeth Mellen, contends that the district court (1) incorrectly included the false claims losses alleged in a count to which she did not plead guilty in computing the amount of loss attributable to her under USSG § 2B1.1(b)(1); (2) improperly increased her offense level under USSG § 3C1.1 for obstruction of justice; and (3) improperly increased her offense level under USSG § 3B1.3 for abusing a position of trust.

#### II.

Mellen, a former Department of Education ("DOE" or "Department") employee, used a telecommunications contract she monitored to bill the DOE for $240,000 in camcorders, televisions, computers, radios, and telephones for herself and relatives, and to authorize $514,000 in false overtime from 1997 to 1999. Mellen pleaded guilty to one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, and one count of theft of government property in violation of 18 U.S.C. § 641. The district court sentenced Mellen to concurrent terms of fifty-four months' imprisonment on both counts, as well as three years' supervised release on each count, also to be served concurrently.

Regarding the standard of review we apply to appellant's claims, Congress has expressly directed that in reviewing sentences the court "shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous ... and shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e); see also United States v. Kim, 23 F.3d 513, 517 (D.C.Cir.1994) ("Congress crafted a trichotomy: purely legal questions are reviewed de novo; factual findings are to be affirmed unless 'clearly erroneous'; and we are to give 'due deference' to the district court's application of the guidelines to facts."). We have described the statutory "due deference" standard as "presumably ... meant to fall somewhere between de novo and 'clearly erroneous,' a standard of review that reflects an apparent congressional desire to compromise between the need for uniformity in sentencing and the recognition that the district courts should be afforded some flexibility in applying the guidelines to the facts before them." Id. Applying those standards, we discern no error, clear or otherwise, in any of the district court's sentencing rulings.

First, the record evidence shows that Mellen was the mastermind of a scheme to defraud the DOE, and that in furtherance of the scheme she authorized and directed DOE contract technicians to perform personal errands for her and her co-conspirators during normal working hours and to claim regular and overtime hours for the time they spent performing such work. Because Mellen clearly induced and commanded the submission of the false claims, such conduct constituted relevant conduct under USSG § 1B1.3. The district court thus properly attributed to Mellen all of the losses suffered by the DOE as a result of the conspiracy to defraud.

As to appellant's second challenge, the record evidence makes clear that the district court properly enhanced Mellen's sentence for obstruction of justice. During a telephone conversation on the day the government agents executed search warrants on her home and the homes of her co-conspirators, Mellen told her primary co-conspirator, Robert Sweeney, to lie to the investigators about his involvement in the scheme to defraud. Around the same time, Mellen advised her daughter to destroy stolen government property to avoid detection, and, when her daughter returned two unopened boxes containing stolen equipment, Mellen personally destroyed them. This conduct which was material to the official investigation occurred over a year before Mellen's arrest and before she pleaded guilty.

Finally, the district court properly found that Mellen had abused a position of trust. As the person responsible for assigning work to the contractors and approving the purchases of equipment and the official time claimed by the contractors, Mellen had considerable managerial discretion over the conspiracy. The 3B1.3

computation, like the other rulings, is without error.

Appellant's sentence is therefore affirmed.